IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACOB PERRY CAYER,

                Plaintiff,                OPINION AND ORDER

    v.
                                                            24-cv-682-wmc

JOEL SHIREK, Director of Sand Ridge
Secure Treatment Center,

                Defendant.

      Plaintiff Jacob Cayer is currently confined by the Wisconsin Department of Health Services at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin. Representing himself, plaintiff has filed a complaint under 42 U.S.C. § 1983, alleging that defendant Joel Shirek violated his constitutional right to access the courts. (Dkt. #1.) Because plaintiff seeks leave to proceed without full prepayment of the filing fee, the court must screen his complaint and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such claims. *See* 28 U.S.C. § 1915(e)(2)(B). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, a *pro se* plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, the court will dismiss plaintiff's amended complaint with prejudice for failure to do so.

ALLEGATIONS OF FACT[1]

Publicly-available court records in Brown County Circuit Court Case No. 2016CF902 establish that plaintiff is confined at the Sand Ridge Secure Treatment Center ("Sand Ridge") as the result of a jury verdict finding him guilty of first degree intentional homicide, burglary, and bail jumping, but excused by reason of insanity. According to plaintiff, he was initially detained consistent with the jury's verdict at Mendota Mental Health Institute ("MMHI"), then transferred to Sand Ridge on March 26, 2024. He subsequently filed this suit against Joel Shirek, who serves as Director of Sand Ridge, claiming that he only has access to his legal materials saved on an external hard drive for two and a half hours on Mondays because one of the four unit supervisors has to retrieve his hard drive, locate a laptop from him to borrow, and escort him to a room with a camera so that he can access his saved documents. Plaintiff further claims that delays in the staff members' performance of these tasks further limits his access to his legal materials.

OPINION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of rights secured by the Constitution and laws of the United States and (2) show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). Here, plaintiff alleges that defendant, in his official capacity as the Director of Sand Ridge, denied plaintiff's request to change the process by which he can access his hard drive, thereby hindering his ability to maintain a legal claim in state courts that his

---

[1] Unless otherwise indicated, the allegations of fact are from plaintiff's complaint (dkt. #1), which are taken as true for purposes of screening.

2

appellate attorney was ineffective in filing a direct appeal and petition for collateral review on plaintiff's behalf.

To state a claim of denial of access to the courts, a plaintiff must allege that "he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement." *DeBauche v. Wisconsin Dep't of Corr.*, No. 17-cv-454-wmc, 2021 WL 2860983, at *3 (W.D. Wis. July 8, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996)).  Moreover, the injury must be a *specific* hinderance related to a lawsuit, *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017), and cannot be a speculative, future harm, *Marshall v. Knight*, 445 F.3d 965, 968-70 (7th Cir. 2006).

By contrast, the plaintiff in this case fails to allege *any* actual injury and has not explained why limited access to past, legal materials online would *eliminate* his ability to file a claim of ineffective assistance of appellate counsel in state court.  Indeed, court records available online show that plaintiff has not filed *any* motion in state court regarding his underlying conviction since the Wisconsin Supreme Court denied his petition for review on September 29, 2023.  Moreover, at that time, plaintiff was confined at MMHI and not Sand Ridge.  Finally, plaintiff's ability to file matters in this court would appear to belie the very premise of his claim.

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016).  "Leave to amend need not be granted, however, if it is clear that any amendment would be futile."  *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

The court is dismissing this action without leave to amend because it is satisfied that any amended pleading based on the incident that forms the basis for plaintiff's complaint would fail to state a federal claim. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

ORDER

IT IS ORDERED that the complaint filed by plaintiff Jacob Cayer under 42 U.S.C. § 1983 (dkt. #1) is DISMISSED with prejudice for failure to state a claim. The clerk of court shall enter judgment and close this case.

Entered this 16th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge